CARL J. ORESKOVICH, WSBA #12779
ETTER, McMAHON, LAMBERSON
VAN WERT & ORESKOVICH, P.C.
618 West Riverside Avenue, Suite 210
Spokane, WA 99201
(509)747-9100
(509)623-1439 Fax
Email: carl@ettermcmahon.com

*Attorney for Defendants Zaycon Foods, LLC; Frank and Jane Doe Maresca; Michael and Jane Doe Giunta; Mike and Jane Doe Conrad; and Adam and Jane Doe Kremin*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, an Ohio corporation; and THE CINCINNATI INDEMNITY COMPANY, an Ohio corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> ZAYCON FOODS, LLC, a Washington Limited Liability Company; FRANK MARESCA and JANE DOE MARESCA, husband and wife; MICHAEL GIUNTA and JANE DOE GIUNTA, husband and wife; MIKE CONRAD and JANE DOE CONRAD, husband and wife; ADAM KREMIN and JANE DOE KREMIN, husband and wife; and RICHARD BRADDOCK, an individual, <br><br> Defendants. | No. 2:17-cv-0140-SMJ <br><br> **ZAYCON DEFENDANTS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT AND MOTION FOR FED. R. CIV. P. 56(d) CONTINUANCE** |

Response to Motion for Summary Judgment
and Motion for Fed. R. Civ. P. 56(d)
Continuance - Page 1

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201  (509) 747-9100

COMES NOW Defendants ZAYCON FOODS, LLC, a Washington Limited Liability Company; FRANK MARESCA and JANE DOE MARESCA, husband and wife; MICHAEL GIUNTA and JANE DOE GIUNTA, husband and wife; MIKE CONRAD and JANE DOE CONRAD, husband and wife; and ADAM KREMIN and JANE DOE KREMIN, husband and wife (hereinafter the "Zaycon Defendants") and hereby moves this Court for a continuance of the time to respond to Plaintiffs' Motion for Summary Judgment and continuance of the associated hearing date pursuant to Fed. R. Civ. P. 56(d).

## FACTUAL BACKGROUND

Plaintiffs Cincinnati Insurance Company and Cincinnati Indemnity Company ("Cincinnati") filed a Complaint for Declaratory Relief on April 13, 2017, seeking a declaration that they have no duty to defend, indemnify or pay sums to or on behalf of any defendant with respect to the underlying lawsuit, *Braddock v. Zaycon Foods, LLC, et al.*, U.S. District Court for the Eastern District of Washington, Case No. 16-cv-01756 TSZ (the "Underlying Suit"). (ECF No. 1.)  The Defendants in this Declaratory Action are all of the parties to the Underlying Suit.  (*See* ECF No. 1, Ex. A.)  Notably, although Richard Braddock has been named in this Declaratory Action, he has not been served

Response to Motion for Summary Judgment
and Motion for Fed. R. Civ. P. 56(d)
Continuance - Page  2

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

with the Complaint nor made an appearance in this case. He has also not been served with Cincinnati's Motion for Summary Judgment. (*See* ECF No. 16 at 22.)

Cincinnati now brings this Motion for Summary Judgment, asserting that the Underlying Suit does not allege any claims that could conceivably fall within any of the coverages provided in the Cincinnati insurance policies issued to Zaycon ("Policies"). (ECF No. 16 at 2.) Cincinnati argues that the Underlying Suit does not allege "bodily injury," "property damage" caused by an "occurrence," or "personal and advertising injury" as defined by the Policies. (*Id.*) Thus, Cincinnati claims coverage should not be afforded. (*Id.*)

The Zaycon Defendants assert that coverage should be afforded, that Mr. Braddock is a necessary and indispensable party to this action, and that summary judgment is premature as Mr. Braddock has neither been served with the Complaint nor Motion for Summary Judgment. The Zaycon Defendants assert that additional time is needed to engage in discovery related to the "personal and advertising injury" coverage of the Policies and to respond to the Motion for Summary Judgment is appropriate. (Decl. of Carl J. Oreskovich in Supp. of Mot. for Fed. R. Civ. P. 56(d) Continuance ("Oreskovich Decl.").)

Response to Motion for Summary Judgment
and Motion for Fed. R. Civ. P. 56(d)
Continuance - Page  3

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

"Personal and advertising injury" is defined by the Policies as follows:

> "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
>
> d.  Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services.

(*See* ECF No. 18, Exhibit B at 95.) The Zaycon Defendants assert that reasonable inferences from the factual allegations or factual conclusions in the Underlying Lawsuit infer claims of "personal and advertising injury" as defined in the Cincinnati Policies.

In the Underlying Suit, Mr. Braddock goes to great lengths to demonstrate his experience, pedigree, and reputation as former president and COO of Citicorp, Citibank's former CEO of Medco Containment Services, Inc.; a former chairman of a private equity fund; and a former director of Marriot International. (*See* ECF No. 1, Ex. A.) He alleges that the adverse regulatory history of Defendants Conrad and Kremin was not known to him. (*Id*.) Mr. Braddock asserts that he injected capital, increased revenues, and arranged outside equity investment through Vertical Group and Great Hill Partners. (*Id*.) Mr. Braddock alleges that the defendants communicated in writing with the

Response to Motion for Summary Judgment
and Motion for Fed. R. Civ. P. 56(d)
Continuance - Page  4

ETTER, M<sup>C</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

outside investment groups to arrange investment without Mr. Braddock's employment and involvement.  Mr. Braddock further asserts that the Zaycon Defendants and others conspired to remove him from employment and from participating in the outside financing after he "had put Zaycon on a trajectory to raise investment capital and to fulfill its potential in the first place[.]"  (ECF No. 1, Ex. A at 17.)  While no communications are specifically referenced in the Complaint leading to Mr. Braddock's removal from Zaycon leadership, certainly such communications occurred "inducing certain Zaycon members to vote for Braddock's removal."  (*Id*. at 19.)

Defendants have reason to believe, and the Complaint certainly suggests, that communications exist (and/or depositions will reveal) that communications occurred between Zaycon and the individual defendants leading up to Braddock's removal from Zaycon leadership that will afford coverage under the "personal and advertising injury" portion of the Policies.  (Oreskovich Decl. at ¶¶ 8-9.)  Further, the Zaycon Defendants have identified at least one witness to whom Mr. Braddock has reported that his business and investment reputation was damaged due to statements made by certain Zaycon Defendants.  (*Id*.)  The witness is currently unavailable for declaration or deposition.  (*Id*.)

Response to Motion for Summary Judgment
and Motion for Fed. R. Civ. P. 56(d)
Continuance - Page  5

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

# MEMORANDUM

1. <u>Summary Judgment is Premature Because Not All Necessary and Indispensable Parties Have Been Joined</u>.

Under Fed. R. Civ. P. 19, a person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if (1) in the person's absence the court cannot accord complete relief among the existing parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may, as a practical matter, impair or impede the person's ability to protect that interest or leave any of the existing parties subject to a risk of incurring multiple or inconsistent obligations because of the interest. *See* Fed. R. Civ. P. 19(a).

It is well-settled that individuals in the position of Mr. Braddock are generally considered necessary and indispensable parties in a declaratory judgment action brought to determine insurance coverage for the claim. *Greenwich Ins. Co. v. Rodgers*, 729 F. Supp. 2d 1158, 1164–65 (C.D. Cal. 2010); *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 354 n.5 (3d Cir.1986) (in a declaratory judgment proceeding involving an insurance policy, the injured person is an "indispensable part[y] to the action"); *U.S. Fid. and Guar.*

Response to Motion for Summary Judgment
and Motion for Fed. R. Civ. P. 56(d)
Continuance - Page 6

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

*Co. v. Ditoro*, 206 F. Supp. 528, 532–33 (M.D. Pa. 1962) (the injured party is "a necessary and proper party because the injured party has a material interest in the outcome of the suit"); *U.S. Fir. Ins. Co. v. The Milton Co.*, 938 F. Supp. 56, 57 (D. D.C. 1996) ("It is clear that an injured party is a *necessary* party in a declaratory judgment action brought to test the coverage of an insurance policy." (emphasis in original)); *American Standard Ins. Co. of Wisconsin v. Rogers*, 123 F. Supp. 2d 461, 467-69 (S. D. Ind. 2000) (injured party indispensable party to declaratory action regarding insurance policy coverage); *Colony Ins. Co. v. Events Plus, Inc.*, 585 F. Supp. 2d 1148, 1156-57 (D. Ariz. 2008) (same).

A decision in this case that coverage is precluded under the policies will affect Mr. Braddock's ability to recover damages should he prevail in the Underlying Suit. Because Mr. Braddock has an interest relating to the subject of this suit and because his absence will, as a practical matter, impair his ability to protect that interest, Braddock is a necessary and indispensable party to this action under Fed. R. Civ. P. 19. Therefore, in the absence of Mr. Braddock the Court should not enter a judgment in this case and the instant motion should not be heard until Mr. Braddock has appeared and been given the opportunity to

Response to Motion for Summary Judgment
and Motion for Fed. R. Civ. P. 56(d)
Continuance - Page 7

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

respond. *See W. Coast Expl. Co. v. McKay*, 213 F.2d 582, 592 (D.C. Cir. 1954) ("in the absence of [the necessary] parties a court of course cannot validly enter a judgment"); *see also Kimball v. Florida Bar*, 537 F.2d 1305, 1307 (5th Cir. 1976) ("In the absence of an indispensable party, the federal courts are no more empowered to render a declaratory judgment than we would be to give affirmative relief.").

    2. <u>A Continuance is Appropriate Under Fed. R. Civ. P. 56(d) to Allow Defendants Adequate Time to Engage in Discovery.</u>

Defendants request a continuance of the summary judgment hearing because additional discovery is essential to Defendants' ability to adequately respond to the Plaintiffs' Motion for Summary Judgment. Fed. R. Civ. P. 56(d) states:

> **(d) When Facts Are Unavailable to the Nonmovant.**
> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>   **(1)** defer considering the motion or deny it;
>   **(2)** allow time to obtain affidavits or declarations or to take discovery; or
>   **(3)** issue any other appropriate order.

The Rule "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United*

Response to Motion for Summary Judgment
and Motion for Fed. R. Civ. P. 56(d)
Continuance - Page 8

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

*States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). A Rule 56(d) "continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Burlington N. Santa Fe R.R. Co. v. The Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773–74 (9th Cir. 2003) (internal citations omitted); *see also Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) ("Although Rule 56(f) facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the nonmoving party has not had the opportunity to discover information that is essential to its opposition.' *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986).")

Here, discovery is necessary in order to adequately respond to Cincinnati's Motion for Summary Judgment. The claims asserted in the Underlying Suit include claims against Zaycon and the individual defendants for violation of the Securities Exchange Act, violation of the Washington Securities Act, fraud, negligent misrepresentation, breach of fiduciary duty, and declaratory

Response to Motion for Summary Judgment
and Motion for Fed. R. Civ. P. 56(d)
Continuance - Page 9

ETTER, MCMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

judgment. (ECF No. 1, Ex. A at 24-48.) Some of the specific allegations include:

> 11. Braddock is the former president and chief operating officer of Citicorp and its principal subsidiary, Citibank, N.A.; former chairman and chief executive officer of Priceline.com, which he had joined during its startup phase, which he had taken public and which now has a market capitalization in excess of $70 billion; former chief executive officer of Medco Containment Services, Inc., the largest prescription drug services company, until its acquisition by Merck & Co., Inc. in November 1993 for $6 billion; former chairman and CEO of FreshDirect, a successful online grocer; former principal of Clayton, Dubilier & Rice, Inc., a private equity firm; former chairman of True North Communications Inc.; former chairman of MidOcean Partners, a private investment fund; and a former director of Marriott International, Inc., Cadbury, PLC, Citibank, N.A., Lotus software and several privately held companies.
>
> ***
>
> 12. During or about 2009, the Securities Division of the State of Washington's Department of Financial Institutions ("DFI") commenced an investigation of Conrad and Kremin for their promotion and sale of shares in a company by the name of IFT Holdings, Inc., f/k/a Intergrated Fuel Technologies, Inc. ("IFT").
>
> ***
>
> 15. DFI alleged *inter alia* that: (i) Conrad and Kremin violated RCW 21.20.140, through their offer and/or sale

Response to Motion for Summary Judgment and Motion for Fed. R. Civ. P. 56(d) Continuance - Page 10

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

of securities for which there was no registration on file with the Washington State Securities division of DFI; (ii) Conrad and Kremin violated RCW 21.20.040 by offering or selling said securities while not registered as a salesperson or broker-dealer in the State of Washington; and (iii) Conrad and Kremin made misstatements of material fact, or omitted to state material facts necessary in order to make the statement made, in light of the circumstances under which they were made, not misleading in violation of RCW 21.20.010.

\*\*\*

19. On or about January 27, 2010, DFI filed its Entry of Findings of Fact and Conclusions of Law and Final Order to Cease and Desist as to Kremin.

\*\*\*

20. The Final Orders required Conrad and Kremin to (i) cease and desist from offering or selling securities in violation of RCW 21.20.140, the securities registration section of the Securities Act of Washington; (ii) cease and desist from acting as unregistered securities broker-dealer or salespersons in violation of RCW 21.20.040, the broker-dealer and securities salesperson registration section of the Securities Act of Washington; and (iii) cease and desist from violating RCW 21.20.010, the anti-fraud section of the Securities Act of Washington.

\*\*\*

49. In addition, during these meetings and telephone conversations, each of the Individual Defendants, acting on behalf of himself and Zaycon and the other individual Defendants, failed to inform Braddock that a) DFI had

Response to Motion for Summary Judgment
and Motion for Fed. R. Civ. P. 56(d)
Continuance - Page 11

ETTER, MCMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

initiated an action against Conrad in 2009; b) DFI had issued a Cease and Desist Order as to Conrad in January 2010; c) DFI had initiated an action against Kremin in 2009; d) DFI had issued a Cease and Desist Order as to Kremin in January 2010.

***

82. Under Braddock's leadership, and with the benefit of the capital infusions received from Braddock, Zaycon's revenues grew from $16 million in 2014 to $25 million in 2015, with 2016 revenues projected at $73 million.

***

84. Once Braddock had put Zaycon on firm footing, the Company determined that the time was right to seek either additional investment or the sale of the Company.

***

85. During or about late 2015 or early 2016, Zaycon retained Vertical Group ("Vertical") to provide investment banking services to the Company. Michael Shwarts ("Shwarts") was the Vertical investment banker assigned to the engagement.

***

86. During or about January 2016, Vertical and Shwarts prepared an investor presentation for Zaycon featuring Braddock as its CEO and Chairman of the Board and highlighting his unique background and qualifications.

***

Response to Motion for Summary Judgment
and Motion for Fed. R. Civ. P. 56(d)
Continuance - Page 12

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

87. Vertical's investor presentation referred to Braddock as the "seasoned" leader of Zaycon's management team, described him as an "experienced CEO in the e-commerce and food industries" and touted both his directly relevant experience as the former chairman and CEO of priceline.com and FreshDirect and his more general high level experience in business and finance, including that gained as formed president and COO of Citicorp and Citibank, N.A.

\*\*\*

88. In addition, the Vertical investor presentation noted that Zaycon's year to year sales growth during the years 2014 to 2016 (the years of Braddock's involvement) were 20.9%, 50.9% and 193.6% (projected), respectively.

\*\*\*

89. On or about April 14, 2016, a private equity firm based in Boston, Massachusetts by the name of Great Hill Partners ("Great Hill") submitted a proposal to make an investment of $25 million to buy into Zaycon at a pre-money enterprise valuation of $30 million.

\*\*\*

90. The Great Hill proposal contemplated that $10 million would be used to buy equity from existing members of Zaycon and that $15 million would be invested directly into the Company.

\*\*\*

105. To that end, Defendants Maresca, Giunta, Conrad and Kremin asked Vertical and Shwarts whether Great

Response to Motion for Summary Judgment and Motion for Fed. R. Civ. P. 56(d) Continuance - Page 13

ETTER, M<sup>c</sup>MAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

Hill would complete the contemplated transaction even if they fired Braddock.

\*\*\*

109.   Upon information and belief, in an attempt to get rid of Braddock and protect their investment banking fees, and in the face of increasing division within the Company, Vertical and Shwarts told Maresca, Giunta, Conrad and Kremin that Zaycon could go ahead and fire Braddock and remove him from his position as Co-managing Member because Vertical an Shwarts could close the Great Hill deal even without Braddock.

\*\*\*

111.   As a result, although it had been Braddock's leadership and money which had put Zaycon on a trajectory to raise investment capital and to fulfill its potential in the first place, Defendants Zaycon, Maresca, Giunta, Conrad and Kremin decided to immediately terminate both Braddock's employment and his status as Co-managing Member of the Company.

\*\*\*

117.   On April 21, 2016, without any advance notice or warning of their intentions, Defendants Marcesa and Giunta informed Braddock that the holders of at least 80% of the Class A membership units of Zaycon had voted to remove him as a manager, and that he was being terminated as an employee.

\*\*\*

123.   Second, Defendants manipulated the voting

Response to Motion for Summary Judgment
and Motion for Fed. R. Civ. P. 56(d)
Continuance - Page 14

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

> process that resulted in the execution of the Consent by fraudulently inducing certain Zaycon members to vote for Braddock's removal, thereby improperly obtaining the 80% majority necessary to oust Braddck as Comanaging Member under the Operating Agreement.
>
> ***
>
> 158.  Braddock brings this action to recover damages for violations of the Securities Exchange Act of 1934, Rule 10b-5 promulgated thereunder, Washington State securities laws, common law fraud, negligence, breach of contract, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty in an amount to be established at trial in excess of $6.5 million dollars, and for a declaratory judgment that some or all of the membership units issued to Conrad, Maresca and Kremin and others void.

(*Id.* at 3-24.)  Notably, Mr. Braddock is named as a defendant in the Declaratory Action.  (*See* ECF No. 1.)  Yet he has not been served nor given the opportunity to respond to Plaintiff Cincinnati's Motion for Summary Judgment. (ECF No. 16 at 22.)  Mr. Braddock's deposition as well as the deposition of the representatives of the investment banking companies, Vertical and Great Hill Partners, are key to the ability to develop coverage for the specific statements or publications relative to Mr. Braddock's reputation and business expertise that gave rise to his termination from employment and participation in the outside equity funding.  Defendants have identified one witness who was a potential

Response to Motion for Summary Judgment
and Motion for Fed. R. Civ. P. 56(d)
Continuance - Page  15

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

investor who attended an investment meeting with Mr. Braddock wherein Mr. Braddock claimed that his business and personal reputation had been injured by statements made by certain Zaycon Defendants.  (Oreskovich Decl. at ¶¶ 8-9.)

As noted above, Cincinnati alleges that summary judgment should be granted because the Underlying Suit does not allege "bodily injury," "property damage" caused by an "occurrence," or "personal and advertising injury" as defined by the policies. However, "Washington law requires that the duty to defend be analyzed in accordance with the allegations in the complaint in the underlying lawsuit." *Capitol Specialty Ins. V. Beach Eatery & Surf Bar, LLC*, 36 F. Supp.3d 1026, 1034 (E.D. Wash. 2014).  "[T]he duty to defend arises when a complaint against the insured, *construed liberally*, alleges fact which *could*, if proven, impose liability upon the insured within the policy's coverage. The duty to defend…is based on the *potential for liability.*"  *Id.*  (internal citations omitted) (emphasis in original).  If coverage is not clear from the face of the complaint but may exist, the insurer must investigate the claim and give the insured the benefit of the doubt in determining whether the insurer has an obligation to defend. *See Ins. Co. of N. Am. v. Ins. Co. of Pa.*, 17 Wn. App. 331, 334, 562 P.2d 1004 (1977).  Similarly, facts outside the complaint may be

Response to Motion for Summary Judgment
and Motion for Fed. R. Civ. P. 56(d)
Continuance - Page 16

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

considered if the allegations of the complaint are ambiguous or inadequate. *Atl. Mut. Ins. Co. v. Roffe, Inc*., 73 Wn. App. 858, 862, 872 P.2d 536 (1994). An insurer has an obligation to give the rights of the insured the same consideration that it gives to its own monetary interests. *See Tank v. State Farm Fire & Cas. Co*., 105 Wash.2d 381, 388, 715 P.2d 1133 (1986). "Put simply, an insurer may not rely on facts extrinsic to the complaint in order to deny its duty to defend where, as here, the complaint can be interpreted as triggering the duty to defend." *Truck Ins. Exch. v. Vanport Homes, Inc.*, 147 Wn.2d 751, 761, 58 P.3d 276 (2002).

Defendants believe that evidence exists that would trigger coverage under the "personal and advertising injury" provision of the policies. While the Underlying Suit does not specifically state causes of action for libel, slander, or publication of material damaging to one's reputation, factual allegations contained in the Complaint and statements made by Mr. Braddock to third parties demonstrate that Braddock claims that Zaycon, and individual defendants, communicated facts about him to shareholders to remove him as manager and terminate his employment as CEO, thus causing damage to his business reputation. (Oreskovich Decl.)

and Motion for Fed. R. Civ. P. 56(d)
Continuance - Page 17

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

As noted above, Cincinnati has the obligation to consider facts outside the complaint when making coverage determinations; and to engage in investigation giving Defendants the benefit of the doubt in determining whether to defend.  While the Complaint in the Underlying Suit does not specifically mention Braddock's business reputation, it does affirmatively detail Braddock's experience and leadership and how Defendants used that good will to put Zaycon on a trajectory to raise investment capital.  It also describes that despite Braddock's good name, Zaycon shareholders were induced to throw him out of company leadership.  Cincinnati has the obligation, under Washington law, to investigate facts outside of the Complaint that would warrant coverage under the "personal or advertising injury" provision of the policy.  Cincinnati has failed to do so here.   Instead, Cincinnati seeks to abrogate this responsibility and hastily proceed to Summary Judgment, before all parties are served.

It is also important to note that this case is in its early stages. No discovery has occurred to date, and the scheduling order was only just issued on August 22, 2017.  (ECF No. 24.)  The discovery cut-off has been set for December 29, 2017. (*Id*.)  Because this litigation is in its early stages, Defendants have "not had the opportunity to discover information that is essential to [their]

Response to Motion for Summary Judgment
and Motion for Fed. R. Civ. P. 56(d)
Continuance - Page 18

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

opposition." *Anderson*, 477 U.S. at 250 n.5. In these circumstances, the Ninth Circuit and the United States Supreme Court interpret Fed. R. Civ. P. 56(d) to require additional discovery. *See Metabolife Int'l, Inc*., 264 F.3d at 846; *Anderson*, 477 U.S. at 250 n. 5. Therefore, Defendants respectfully this Court exercise its discretion under Fed. R. Civ. P. 56(d) and continue the summary judgment hearing date for 90 days to serve Mr. Braddock and allow time to obtain affidavits or depositions to establish facts sufficient for continued coverage. (*See* Oreskovich Decl. at ¶ 10.)

## CONCLUSION

For the foregoing reasons, the Zaycon Defendants request the Court to defer considering Cincinnati's Motion for Summary Judgment.

DATED this 31st day of August, 2017.

      ETTER, McMAHON, LAMBERSON,
      VAN WERT & ORESKOVICH, P.C.

By: /s/ Carl J. Oreskovich
    CARL J. ORESKOVICH, WSBA #12779
    ETTER, McMAHON, LAMBERSON,
    VAN WERT & ORESKOVICH, P.C.
    618 West Riverside Avenue, Suite 210
    Spokane, WA  99201
    (509)747-9100
    Email:  carl@ettermcmahon.com
    *Attorneys for Zaycon Defendants*

Response to Motion for Summary Judgment
and Motion for Fed. R. Civ. P. 56(d)
Continuance - Page 19

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of August, 2017, I electronically filed the following documents:

**RESPONSE TO MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR FED. R. CIV. P. 56(d) CONTINUANCE**

with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Gary Sparling
Soha & Lang, P.S.
1325 Fourth Avenue, Suite 200
Seattle, WA 98101
sparling@sohalang.com

/s/Carl J. Oreskovich

Response to Motion for Summary Judgment and Motion for Fed. R. Civ. P. 56(d) Continuance - Page 20

ETTER, M<sup>c</sup>MAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100