Carl J. Oreskovich, WSBA #12779
ETTER, McMAHON, LAMBERSON
VAN WERT & ORESKOVICH, P.C.
618 West Riverside Avenue, Suite 210
Spokane, WA  99201
(509)747-9100
(509)623-1439 Fax
Email: carl@ettermcmahon.com
Attorney for Zaycon Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, an Ohio corporation; and THE CINCINNATI INDEMNITY COMPANY, an Ohio corporation, | No.  2:17-cv-0140-SMJ |
| Plaintiffs, | **ZAYCON DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT ON DUTY TO DEFEND AND RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| ZAYCON FOODS, LLC, a Washington Limited Liability Company; FRANK MARESCA and JANE DOE MARESCA, husband and wife; MICHAEL GIUNTA and JANE DOE GIUNTA, husband and wife; MIKE CONRAD and JANE DOE CONRAD, husband and wife; ADAM KREMIN and JANE DOE KREMIN, husband and wife; and RICHARD BRADDOCK, an individual, | Hearing:  2/12/2018 Without Oral Argument |
| Defendants. | Expedited Hearing Requested |

Zaycon Defendants' Cross-Motion for Summary Judgment on Duty to Defend and Response to Plaintiffs' Motion for Summary Judgment- Page  1

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

The Zaycon Defendants[1] oppose Plaintiffs' Motion for Summary Judgment and cross-move for summary judgment on the duty to defend. For the reasons indicated below, this Court should enter an Order declaring Plaintiffs have a duty to defend the Zaycon Defendants.

Plaintiffs Cincinnati Insurance Company and Cincinnati Indemnity Company ("Cincinnati") seek a declaratory judgment that they have no duty to defend or indemnify the Zaycon Defendants in the underlying lawsuit, *Braddock v. Zaycon Foods, LLC, et al.*, United States District Court for the Western District of Washington, Case No. 16-cv-01756-TSZ ("Underlying Suit"). However, Cincinnati owes the Zaycon Defendants a duty to defend as a matter of law based upon potential liability for damages for a "personal or advertising injury." *See Woo v. Fireman's Fund Ins. Co.*, 161 Wn.2d 43, 52-53, 164 P.3d 454 (2007) (the duty to defend is premised on "*the potential for*

---

[1] The Zaycon Defendants include Zaycon Foods, LLC, a Washington Limited Liability Company; Frank Maresca and Jane Doe Maresca, husband and wife; Michael Giunta and Jane Doe Giunta, husband and wife; Mike Conrad and Jane Doe Conrad, husband and wife; and Adam Kremin and Jane Doe Kremin, husband and wife.

Zaycon Defendants' Cross-Motion for
Summary Judgment on Duty to Defend
and Response to Plaintiffs' Motion
for Summary Judgment- Page  2

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

*liability*" and the insurer must "give the insured the benefit of the doubt"). A reasonable interpretation of the allegations of the Underlying Suit that the Zaycon Defendants "falsely and fraudulently told [shareholders] that Braddock was opposed to the deal with Great Hill and that he would kill it," and extrinsic facts that Mr. Braddock told a business acquaintance the Zaycon Defendants had damaged his reputation, conceivably could result in coverage for the "personal or advertising injury" of defamation. (*See* Zaycon Defendants' Statements of Fact ("SOF") Nos. 2, 7, 9-11.) Additionally, a determination of Cincinnati's duty to indemnify is untimely as actual liability in the Underlying Suit has yet to be determined. *See Safeco Ins. Co. of America v. McGrath*, 42 Wn. App. 58, 61, 708 P.2d 657 (1985) (the duty to indemnify arises "only where the injured party ultimately prevails [against the insured] on facts which fall within the policy coverage"). Consequently, this Court should deny Cincinnati's Motion for Summary Judgment and grant the Zaycon Defendants' Cross-Motion for Summary Judgment.

## **FACTUAL BACKGROUND**

Cincinnati filed a Complaint for Declaratory Relief on April 13, 2017, seeking a declaration that it has no duty to defend, indemnify or pay sums to or on behalf of any defendant with respect to the Underlying Suit. (ECF No. 1.)

Zaycon Defendants' Cross-Motion for
Summary Judgment on Duty to Defend
and Response to Plaintiffs' Motion
for Summary Judgment- Page 3

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

The policies Cincinnati issued to Zaycon provide coverage for "bodily injury," "property damage," employee benefit liability, "personal and advertising injury," along with certain umbrella coverages ("Policies"). (Zaycon Defendants' SOF No. 1.)

As it relates to "personal and advertising injury," these Policies provide:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.

(Zaycon Defendants' SOF No. 2.) In turn, the definition of "personal and advertising injury" includes:

> Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services.

(*Id*.)

Richard Braddock initiated the Underlying Suit against the Zaycon Defendants on November 14, 2016 via a complaint ("Underlying Complaint"). (Zaycon Defendants' SOF No. 3.) The factual allegations of the Underlying Suit revolve around Richard Braddock's investment in Zaycon (an e-commerce food distributor), rise to chief executive officer ("CEO"), and subsequent

Zaycon Defendants' Cross-Motion for
Summary Judgment on Duty to Defend
and Response to Plaintiffs' Motion
for Summary Judgment- Page 4

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

removal from Zaycon.  (*Id*.)  In the Underlying Complaint, Mr. Braddock goes to great lengths to document his business experience, pedigree, and reputation. (Zaycon Defendants' SOF No. 4.)

In October 2015, Mr. Braddock became the CEO of Zaycon.  (Zaycon Defendants' SOF No. 5.)  According to Mr. Braddock, under his leadership, Zaycon's revenues grew substantially.  (*Id*.)  However, the Underlying Complaint alleges that in either late 2015 or early 2016, Zaycon retained Vertical Group to seek additional investment.  (Zaycon Defendants' SOF No. 6.) The Underlying Complaint further alleges that after Zaycon retained the Vertical Group, the Great Hill Partners submitted a proposal to buy into Zaycon at $25,000,000.00.  (*Id*.)

The Underlying Complaint contains multiple factual allegations documenting the Great Hill deal and subsequent ouster of Mr. Braddock:

> 91.  Braddock advised Defendants and Vertical and Shwarts that he believed that the Great Hill deal could be improved through negotiation but that he was strongly in favor of coming to terms with Great Hill.
> . . .
> 100.  Defendants Maresca, Giunta, Conrad and Kremin understood that Zaycon was desperately in need of a capital infusion.
>
> 101.  However, they feared that Great Hill's investment would change the power structure in the company.

Zaycon Defendants' Cross-Motion for
Summary Judgment on Duty to Defend
and Response to Plaintiffs' Motion
for Summary Judgment- Page  5

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

. . .

104.   Accordingly, Defendants Maresca, Giunta, Conrad and Kremin commenced looking for a way to get rid of Braddock but to hold onto Great Hill

. . .

111.   . . . [A]lthough it had been Braddock's leadership and money which had put Zaycon on a trajectory to raise investment capital and to fulfill its potential in the first place, Defendants Zaycon, Maresca, Giunta, Conrad and Kremin decided to immediately terminate both Braddock's employment and his status as Co-managing Member of the Company.

. . .

114.   To remove Braddock as Co-managing Member under the Company's Operating Agreement, Defendants Maresca, Giunta, Conrad and Kremin needed 80% of the eligible Class A units to vote for Braddock's removal.

. . .

123.   . . . Defendants manipulated the voting process that resulted in the execution of the Consent by fraudulently inducing certain Zaycon members to vote for Braddock's removal, thereby improperly obtaining the 80% majority necessary to oust Braddock as Comanaging Member under the Operating Agreement.

124.   Specifically, to get the signatures of other members of Zaycon on the Consent, Defendants falsely and fraudulently told them that Braddock was opposed to the deal with Great Hill and that he would kill it.

125.   In the case of Zaycon member Nathan Brown, Conrad and Giunta each called him to urge him to vote for the removal of Braddock on the alleged grounds that Braddock would sabotage the deal with Great Hill.  In each instance, Brown withheld his consent.  It was only when he received a third call telling him that Braddock was opposed to the deal with Great Hill—this one from

Zaycon Defendants' Cross-Motion for
Summary Judgment on Duty to Defend
and Response to Plaintiffs' Motion
for Summary Judgment- Page  6

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

> Shwarts—that Brown concluded that the allegations against Braddock must be true and that he agreed to sign the Consent.

(Zaycon Defendants' SOF No. 7.)  The Underlying Complaint alleges eight causes of action, but does not formally bring a defamation cause of action.  (*See* Zaycon Defendants' SOF No. 8.)

After the initiation of the Underlying Suit, Mr. Braddock met with business acquaintance Saverio Solimeo twice in New York City.  (*See* Zaycon Defendants' SOF Nos. 9-10.)  During the first meeting (January 22, 2017), Mr. Braddock told Mr. Solimeo that his treatment by the Zaycon Defendants slandered his business reputation and disparaged his image.  (Zaycon Defendants' SOF No. 9.)  Mr. Braddock concluded this first meeting by stating that he was going to have to sue Zaycon to restore his reputation.  (*Id.*)  During the second meeting (April 22, 2017), Mr. Braddock again stated the Zaycon Defendants had damaged his, and that he believed Zaycon would fail, further hurting his already damaged reputation.  (Zaycon Defendants' SOF No. 10.)  Mr. Braddock further indicated at the second meeting that his calculation of damages for the Underlying Suit included the damage to his reputation caused by the Zaycon Defendants.  (*Id.*)

Zaycon Defendants' Cross-Motion for
Summary Judgment on Duty to Defend
and Response to Plaintiffs' Motion
for Summary Judgment- Page  7

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

Mr. Braddock was deposed in the Underlying Suit on November 15, 2017. (Zaycon Defendants' SOF No. 11.)    During this deposition, the following exchange occurred regarding statements made by the Zaycon Defendants to Zaycon Member Nathan Brown:

> [Question by attorney:]  What did he tell you that he was told that was false?
> [Answer by Mr. Braddock:]  Well, the same false story that everyone else was told, that I was against the Great Hill deal and I was going to deep six it and that the deal was in the interest of the company, and if it didn't give— if I didn't get removed, it was going to go down.

(*Id*.)

In its Motion for Summary Judgment, Cincinnati argues "the Underlying Suit does not allege any claims that could conceivably fall within any of the coverage provided in the [Policies]."  (ECF No. 16 at 2.)  As it relates to potential "personal and advertising injury" coverage, Cincinnati argues "[t]he allegations in the Underlying Suit do not allege any slander, violation of privacy, copyright infringement, or other 'personal and advertising injury' offense listed in Cincinnati's Policies."  (*Id*. at 13.)

### MEMORANDUM OF LAW

The purpose of summary judgment is to avoid unnecessary trials. *Northwest Motorcycle Ass'n v. U.S. Dept. of Agriculture*, 18 F.3d 1468, 1471

Zaycon Defendants' Cross-Motion for Summary Judgment on Duty to Defend and Response to Plaintiffs' Motion for Summary Judgment- Page  8

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

(9th Cir. 1994).    Summary judgment is warranted if the moving party demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to identify specific genuine issues of material fact for trial.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986).  In ruling upon a summary judgment motion, the court must construe the facts, as well as all rational inferences therefrom, in the light most favorable to the non-moving party.  *Scott v. Harris,* 550 U.S. 372, 378 (2007).

### A.    Cincinnati Has a Duty to Defend the Zaycon Defendants Based Upon the Potential of Liability for a "Personal or Advertising Injury."

Washington law has long established "that the duty to defend is different from and broader than the duty to indemnify."  *Am. Best Food, Inc. v. Alea London, Ltd.*, 168 Wn.2d 398, 404, 229 P.3d 693 (2010).  For an insured, "[t]he entitlement to a defense may prove to be of greater benefit than indemnity." *Am. Best Food, Inc.*, 168 Wn.2d at 404; *accord Woo v. Fireman's Fund Ins.*

Zaycon Defendants' Cross-Motion for
Summary Judgment on Duty to Defend
and Response to Plaintiffs' Motion
for Summary Judgment- Page  9

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

*Co.*, 161 Wn.2d 43, 54, 164 P.3d 454, (2007) ("The duty to defend is . . . one of the principal benefits of the liability insurance policy.").

"The duty to defend 'arises at the time an action is first brought, and is based on *the potential for liability*.'" *Woo*, 161 Wn.2d at 52 (emphasis in original) (quoting *Truck Ins. Exch. v. VanPort Homes, Inc.,* 147 Wn.2d 751, 760, 58 P.3d 276 (2002)). Pursuant to this broad duty to defend, "if there is any reasonable interpretation of the facts or the law that could result in coverage, the insurer must defend." *Am. Best Food, Inc.*, 168 Wn.2d at 413. In other words, any uncertainty regarding the duty to defend "works in favor of providing a defense to an insured." *Id*. at 408. The breadth of the duty to defend is based upon the fiduciary duty owed by an insurer to its insured. *See Truck Ins. Exch. of Farmers Ins. Grp. v. Century Indem. Co.*, 76 Wn. App. 527, 533, 887 P.3d 455 (1995).

Washington law dictates two general routes to trigger the duty to defend. *See Woo*, 161 Wn.2d at 53. Under the first route, an insurer's duty to defend arises when the complaint "'construed liberally, alleges facts which could, if proven, impose liability upon the insured within the policy's coverage.'" *Woo*, 161 Wn.2d at 52-53 (quoting *Truck Ins. Exch.*, 147 Wn.2d at 760). The proper inquiry under this route is whether "it is at least *conceivable* that the complaint

Zaycon Defendants' Cross-Motion for
Summary Judgment on Duty to Defend
and Response to Plaintiffs' Motion
for Summary Judgment- Page 10

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

alleges facts which *could* make the complaint fall within the policy's coverage." *Capitol Specialty Ins. Corp. v. Beach Eatery & Surf Bar, LLC*, 36 F. Supp. 3d 1026, 1035 (E.D. Wash. 2014) (emphasis in original).

Under the second route, "if it is not clear from the face of the complaint that the policy provides coverage, but coverage could exist, the insurer *must* investigate and give the insured the benefit of the doubt that the insurer has a duty to defend." *Woo*, 161 Wn.2d at 53 (emphasis in original). In other words, "if 'the allegations . . . are ambiguous or inadequate,' facts outside the complaint may be considered" in determining the duty to defend. *Id.* at 54 (quoting *Truck Ins.*, 147 Wn.2d at 761). Although extrinsic facts may be used to trigger the duty to defend, the "insurer may not rely on facts extrinsic to the complaint to deny the duty to defend." *Woo*, 161 Wn.2d at 54.

The Policies at issue provide that Cincinnati "will have the right and duty to defend the insured against any 'suit' seeking . . . damages" because of "personal and advertising injury." (Zaycon Defendants' SOF No. 2.) The Policies define "personal and advertising injury," in pertinent part, as:

> Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services.

Zaycon Defendants' Cross-Motion for
Summary Judgment on Duty to Defend
and Response to Plaintiffs' Motion
for Summary Judgment- Page 11

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

(*Id.*)   In the situation at hand, both the Underlying Complaint, construed liberally in favor of the Zaycon Defendants, and facts extrinsic to the Underlying Complaint, establish Cincinnati owes the Zaycon Defendants the duty to defend based upon the potential liability for a "personal and advertising injury" of defamation.  *See Woo*, 161 Wn.2d at 52-53.

Defamation seeks to compensate the injured party for damages caused to his or her reputation.  *See Capitol Specialty Ins. Corp. v. Beach Eatery & Surf Bar, LLC*, 36 F. Supp. 3d 1026, 1037 (E.D. Wash. 2014).   Slander is defamation by the spoken word.  *Life Designs Ranch, Inc. v. Sommer*, 191 Wn. App. 320, 341, 364 P.3d 129 (2015).   Under Washington law, defamation requires that the injured party prove: "(1) a false statement, (2) publication, (3) fault, and (4) damages."  *Duc Tan v. Le*, 177 Wn.2d 649, 662, 300 P.3d 356 (2013).  "The burden of proof on the element of fault depends on the nature of the defamed party."  *Demopolis v. Peoples Nat. Bank of Wash.*, 59 Wn. App. 105, 108 n. 1, 796 P.2d 426 (1990).  When the defamed party is a "public figure," he or she must show that the defamatory statement was made with "actual malice"— "that is, knowledge of falsity or reckless disregard of the truth or falsity of the allegedly defamatory statements."  *Vern Sims Ford, Inc. v. Hagel*, 42 Wn. App. 675, 678, 713 P.2d 736 (1986).   However, if the

Zaycon Defendants' Cross-Motion for
Summary Judgment on Duty to Defend
and Response to Plaintiffs' Motion
for Summary Judgment- Page 12

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

defamed party is a "private figure," only negligence need be shown. *Demopolis,* 59 Wn. App. at 108 n. 1.

First, the Underlying Complaint alleges multiple facts that conceivably lead to the Zaycon Defendants' liability for damages for defamation surrounding the Zaycon Defendants' alleged ouster of Mr. Braddock in conjunction with the Great Hill deal.  *See Woo*, 161 Wn.2d at 52-53. Specifically, the Underlying Complaint alleges:

> 91.    Braddock advised Defendants and Vertical and Shwarts that he believed that the Great Hill deal could be improved through negotiation but that he was strongly in favor of coming to terms with Great Hill.
> . . .
> 123.  . . . Defendants manipulated the voting process that resulted in the execution of the Consent by fraudulently inducing certain Zaycon members to vote for Braddock's removal, thereby improperly obtaining the 80% majority necessary to oust Braddock as Comanaging Member under the Operating Agreement.
>
> 124.  Specifically, to get the signatures of other members of Zaycon on the Consent, <u>Defendants falsely and fraudulently told them that Braddock was opposed to the deal with Great Hill and that he would kill it</u>.

(Zaycon Defendants' SOF No. 7 (underlining added).)  Moreover, as it relates to Zaycon member Nathan Brown, the Underlying Complaint alleges "Conrad and Giunta each called him to urge him to vote for the removal of Braddock on

Zaycon Defendants' Cross-Motion for
Summary Judgment on Duty to Defend
and Response to Plaintiffs' Motion
for Summary Judgment- Page 13

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

the alleged grounds that Braddock would sabotage the deal with Great Hill." (*Id.*)

Second, outside the factual allegations of slander in the Underlying Complaint, Cincinnati has the obligation to consider extrinsic facts and to give the Zaycon Defendants the benefit of the doubt in determining whether to defend. *See Woo*, 161 Wn.2d at 53. Mr. Solimeo met with Mr. Braddock after the initiation of the Underlying Suit, where Mr. Braddock twice indicated that the Zaycon Defendants' actions surrounding the Underlying Suit slandered his reputation and damaged his image. (*See* Zaycon Defendants' SOF Nos. 9-10.) At the end of the second meeting, Mr. Braddock indicated his calculation of damages for the Underlying Suit included the damages to his reputation. (Zaycon Defendants' SOF No. 10.) Furthermore, when Mr. Braddock was deposed in the Underlying Suit, he indicated the Zaycon Defendants told Zaycon members (specifically Nathan Brown) "the same false story that everyone else was told, that I was against the Great Hill deal and I was going to deep six it and that the deal was in the interest of the company, and if it didn't give—if I didn't get removed, it was going to go down." (Zaycon Defendants' SOF No. 11.)

Zaycon Defendants' Cross-Motion for
Summary Judgment on Duty to Defend
and Response to Plaintiffs' Motion
for Summary Judgment- Page 14

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

While the Underlying Complaint does not formally state a cause of action for defamation, factual allegations contained in the Underlying Complaint, along with extrinsic facts, demonstrate that Mr. Braddock claims that the Zaycon Defendants communicated false facts about him to shareholders to remove him as manager and terminate his employment as CEO, thus causing damage to his reputation. *See Duc Tan*, 177 Wn.2d at 662 (discussing elements of defamation).[2] This is sufficient to trigger the duty to defend based upon the Zaycon Defendants' potential liability for damages relating to a "personal or

---

[2] During his deposition, Mr. Braddock indicated that he thought the Zaycon Defendants did not believe the defamatory statements were false at the time they were communicated to shareholders. (*See* Zaycon Defendants' SOF No. 11.)  Rather, Mr. Braddock indicated that the Zaycon Defendants conspired to oust him from Zaycon and relied on information provided by an individual potentially hostile to him (Michael Shwarts).  (*Id*.)  Giving the Zaycon Defendants the benefit of the doubt for coverage, this alleged fault satisfies the negligence standard if Mr. Braddock is a "private figure," and conceivably the "actual malice" standard of reckless disregard if Mr. Braddock is a "public figure." *See Duc Tan*, 177 Wn.2d at 669.

Zaycon Defendants' Cross-Motion for
Summary Judgment on Duty to Defend
and Response to Plaintiffs' Motion
for Summary Judgment- Page  15

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

advertising injury." *See Woo*, 161 Wn.2d at 52-53.  As such, Cincinnati has a

duty to defend the Zaycon Defendants in the Underlying Suit as a matter of law.

### B.    *Determination of the Duty to Indemnify is Premature.*

Cincinnati also moves for summary judgment on its duty to indemnify the

Zaycon Defendants for any potential loss.  Under Washington law, an insurer's

duty to indemnify "'hinges on the insured's *actual liability* to the claimant

and *actual coverage* under the policy.'"  *Woo*, 161 Wn.2d at 53 (emphasis in

original) (quoting *Hayden v. Mut. of Enumclaw Ins. Co.*, 141 Wn.2d 55, 64, 1

P.3d 1167 (2000)).  The duty to indemnify arises "only where the injured party

ultimately prevails [against the insured] on facts which fall within the policy

coverage."  *Safeco Ins. Co. of America v. McGrath*, 42 Wn. App. 58, 61, 708

P.2d 657 (1985).

As the Zaycon Defendant's actual liability in the Underlying Suit has not

yet been determined, a decision regarding Cincinnati's duty to indemnify is

premature.  *See Allstate Prop. & Cas. Ins. Co. v. Giroux*, 2016 WL 3632490, at

*4 (W.D. Wash. July 7, 2016) (declining to decide the duty to indemnify in a

declaratory judgment action as the insured's "actual liability in the underlying

Zaycon Defendants' Cross-Motion for
Summary Judgment on Duty to Defend
and Response to Plaintiffs' Motion
for Summary Judgment- Page 16

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

suit has not yet been determined")[3]; *accord McGrath*, 42 Wn. App. at 61. Following this reasoning, the plaintiff in the Underlying Suit (Mr. Braddock) can still amend the Underlying Complaint to formally add a defamation cause of action against the Zaycon Defendants that would be covered under the Policies. *See* Fed. R. Civ. P. 15(a)(2) (prior to trial a party may amend its pleading by leave of court, which should be freely given "when justice so requires").

As actual liability on the Underlying Suit has not yet been determined, and any potential duty to indemnify has not yet arisen, summary judgment determination of Cincinnati's duty to indemnify the Zaycon Defendants is improper at this juncture.

## C.    The Zaycon Defendants Are Entitled to Attorneys' Fees.

Under Washington law, "an award of fees is required in any legal action where the insurer compels the insured to assume the burden of legal action, to obtain the full benefit of his insurance contract." *Olympic S.S. Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 53, 811 P.2d 673 (1991). This rule applies

---

[3] The Zaycon Defendants cite to this unpublished case pursuant to LR 7.1(f)(2) for persuasive purposes only.

Zaycon Defendants' Cross-Motion for
Summary Judgment on Duty to Defend
and Response to Plaintiffs' Motion
for Summary Judgment- Page  17

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

"where the insurer forces the insured to litigate questions of coverage." *McGreevy v. Oregon Mut. Ins. Co.*, 128 Wn.2d 26, 33 n. 4, 904 P.2d 731 (1995).    An award of attorneys' fees under *Olympic Steamship Co*. is appropriate after there has been a judicial determination that the insured has prevailed on the coverage issue.  *See Alaska Nat. Ins. Co. v. Bryan*, 125 Wn. App. 24, 36, 104 P.3d 1 (2004).

As indicated above, Cincinnati has a duty to defend the Zaycon Defendants for a potential "personal or advertising injury" under the Policies. *See Woo*, 161 Wn.2d at 52-53.  Although Cincinnati has defended the Zaycon Defendants under a reservation of rights, it brought this summary judgment proceeding for a determination of coverage under the Policies.  The Zaycon Defendants have been forced to litigate the issue of coverage, and are thereby entitled to *Olympic Steamship* attorneys' fees if this Court determines that Cincinnati owes the Zaycon Defendants a duty to defend under the Policies.

## <u>CONCLUSION</u>

For the foregoing points and authorities, the Zaycon Defendants respectfully request that this Court deny Plaintiff's Motion for Summary Judgment, grant their Motion for Summary Judgment on the duty to defend, and award them reasonable attorneys' fees.

Zaycon Defendants' Cross-Motion for
Summary Judgment on Duty to Defend
and Response to Plaintiffs' Motion
for Summary Judgment- Page  18

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

RESPECTFULLY SUBMITTED this 4th day of January, 2018.

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.

By: /s/ Carl J. Oreskovich
    Carl J. Oreskovich, WSBA #12779
    Attorney for Zaycon Defendants

Zaycon Defendants' Cross-Motion for
Summary Judgment on Duty to Defend
and Response to Plaintiffs' Motion
for Summary Judgment- Page  19

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of January, 2018, I electronically filed the following documents:

**ZAYCON DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT ON DUTY TO DEFEND AND RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

with the Clerk of the Court using the CM/ECF System, which will send electronic notification of such filing to the following:

Gary Sparling
Soha & Lang, P.S.
1325 Fourth Avenue, Suite 200
Seattle, WA 98101
sparling@sohalang.com

David Tift
Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101
tift@ryanlaw.com


By: /s/ Jodi Dineen
        Jodi Dineen

Zaycon Defendants' Cross-Motion for
Summary Judgment on Duty to Defend
and Response to Plaintiffs' Motion
for Summary Judgment- Page  20

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100