FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 13, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, an Ohio corporation; and THE CINCINNATI INDEMNITY COMPANY, an Ohio corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>ZAYCON FOODS LLC, a Washington limited liability company; FRANK MARESCA and JANE DOE MARESCA, husband and wife, and the marital community composed thereof; MICHAEL GIUNTA and JANE DOE GIUNTA, husband and wife, and the marital community composed thereof; MIKE CONRAD and JANE DOE CONRAD, husband and wife, and the marital community composed thereof; ADAM KREMIN and JANE DOE KREMIN, husband and wife, and the marital community composed thereof; and RICHARD BRADDOCK, an individual,<br><br>    Defendants. | No. 2:17-CV-00140-SMJ<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

ORDER **-** 1

# I. INTRODUCTION

Plaintiffs Cincinnati Insurance Company and Cincinnati Indemnity Company (together "Cincinnati") issued a series of commercial general liability insurance policies (the policies) to Defendant Zaycon Foods, LLC covering the periods from September 19, 2013, to October 14, 2017. ECF No. 17 at 2–3. In November 2016, Richard Braddock filed a lawsuit against Zaycon and a number of present or former Zaycon members or managers. *Braddock v. Zaycon Foods, LLC, et al.*, Case No. 16-cv-01756 TSZ (W. D. Wash.). The suit alleges violation of state and federal securities laws, fraud, negligent misrepresentation, breach of fiduciary duty, and breach of contract relating to Mr. Braddock's ouster as CEO of Zaycon. ECF No. 18 at 293–318. Cincinnati is presently defending Zaycon and Defendants Maresca, Guinta, Conrad, and Kremin, (collectively Zaycon) in the suit.

Cincinnati filed a complaint for declaratory relief alleging that the injuries alleged in Braddock's underlying complaint are not covered under the policies and Cincinnati has no duty to defend or indemnify Zaycon, ECF No. 1, and Cincinnati now moves for summary judgment. ECF No. 16. Cincinnati argues that the underlying suite does not allege any claims that fall within the coverages provided in the Cincinnati insurance policies issued to Defendant Zaycon Foods, LLC. ECF No. 16 at 2. Zaycon opposes Cincinnati's motion and cross-moves for summary judgment, arguing that Cincinnati has a duty to defend Zaycon. ECF No. 43.

Cincinnati includes arguments that the claims in the underlying suit are not covered by several distinct areas of coverage under the policies. ECF No. 16. But Zaycon argues only that Cincinnati has a duty to defend it based upon potential liability for damages for the "personal and advertising injury" of defamation.[1] ECF No. 43 at 2–3, 12. Cincinnati agrees that a defamation claim would be covered under the policies, but argues that no such claim is conceivably alleged in the underlying complaint. ECF No. 49 at 4–7. Accordingly, this case presents the Court with one principle question: do the Zaycon defendants face potential liability for defamation in the underlying suit? Because the answer is no, Cincinnati has no duty to defend or indemnify Zaycon in the underlying suit.

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, the Court does not weigh the evidence or assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Sgt. Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "In short, what is required to defeat summary judgment is simply evidence 'such that a reasonable juror drawing all inferences

---

[1] The Court finds that Zaycon concedes the underlying suit does not fall within any other area of coverage, and therefore does not address Cincinnati's arguments on those questions.

ORDER - 3

in favor of the respondent could return a verdict in the respondent's favor.'" *Zetwick v. Cty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (quoting *Reza v. Pearce*, 806 F.3d 497, 505 (9th Cir. 2015)).

Coverage B in each of the Cincinnati policies issued to Zaycon provides coverage for "Personal and Advertising Injury Liability." ECF No. 18-1 at 17, ECF No. 18-3 at 13, ECF No. 18-4 at 13; ECF No. 18-5 at 16. Specifically, the policies provide: "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages." *Id.* The Policies define "personal and advertising injury" as injury as including a number of specified offenses. *Id.* The only one at issue here is injury arising out of "[o]ral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services." ECF No. 44 at 3; ECF No. 18-1 at 29; ECF No. 18-3 at 25; ECF No. 18-4 at 25; ECF No. 18-5 at 28.

"The duty to indemnify applies to claims that are *actually* covered, while the duty to defend 'arises when a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability upon the insured within the policy's coverage.'" *Nat'l Sur. Corp v. Immunex Corp.*, 297 P.3d 688, 691 (Wash. 2013) (quoting *Truck Ins. Exch. v. VanPort Homes, Inc.*, 58 P.3d 276, 281 (Wash.

2002) (internal quotation marks omitted)). "The insurer is entitled to investigate the facts and dispute the insured's interpretation of the law, but if there is any reasonable interpretation of the facts or the law that could result in coverage, the insurer must defend." *Am Best Food, Inc. v. Alea London, Ltd.*, 229 P.3d 693, 696 (Wash. 2010). Facts extrinsic to the pleadings but readily available to the insurer may give rise to the duty to defend, but the duty "is not triggered by claims that clearly fall outside the policy." *Nat'l Sur. Corp.*, 297 P.3d at 691 (citing *Woo v. Fireman's Fund Ins. Co.*, 164 P.3d 454, 459 (Wash. 2007); *Kirk v. Mt. Airy Ins. Co.*, 951 P.2d 1124, 1126 (Wash. 1998)).

Zaycon acknowledges that the underlying complaint does not formally state a cause of action for defamation, but argues that the factual allegations and extrinsic facts nevertheless demonstrate that Mr. Braddock claims that the Zaycon defendants communicated false facts about him to shareholders, thus causing damage to his reputation. ECF No. 43 at 15. Cincinnati argues that the underlying suit does not contain any claims that could conceivably impose a legal obligation on Zaycon to pay damages because of slander or defamation. ECF No. 49 at 6.

Braddock's complaint in the underlying action does not conceivably allege liability for defamation. "Defamation is concerned with compensating the injured party for damage to reputation." *Grange Ins. Ass'n v. Roberts*, 320 P.3d 77, 93 (Wash. App. 2013) (citing *Eastwood v. Cascade Broad. Co.*, 722 P.2d 1295, 1297

ORDER - 5

(Wash. 1986)). It requires proof of "(1) a false statement, (2) publication, (3) fault, and (4) damages." *Duc Tan v. Le*, 300 P.3d 356, 363 (Wash. 2013). Zaycon focuses on allegations that the defendants falsely represented Braddock was opposed to a particular deal under consideration in order to obtain votes from Zaycon members for Braddock's removal. ECF No. 43 at 13–14. But there is no allegation or implication that these allegedly false statements harmed Braddock's reputation. Instead, the complaint represents this misrepresentation as part of an alleged attempt to fraudulently induce several Zaycon members to vote for Braddock's removal. ECF No. 1 at 29–35. More importantly, Braddock does not seek damages for reputational harm. His claims include violation of state and federal securities laws, fraud, negligent misrepresentation, breach of fiduciary duty, and breach of contract and involve allegedly fraudulent and misleading acts and omissions by the defendants directed toward Braddock. ECF No. 1 at 37–61. No claim conceivably seeks damages based upon defamation.

Extrinsic facts also do not demonstrate that Zaycon faces potential liability for defamation in the underlying suit. Zaycon argues that Braddock told a business acquaintance that Zaycon disparaged his reputation and that he was going to need to sue to restore his reputation. ECF No. 43 at 7. But Braddock's complaints about damage to his reputation to a third party do not transform the nature of his suit against Zaycon. The reason Braddock's complaint does not create a potential

ORDER - 6

liability for defamation is not merely that it lacks factual allegations conceivably supporting such liability, it also contains no claims for damages supporting such liability. Even considering these extrinsic facts as allegations in Braddock's complaint and accepting them as true, the complaint does not create any potential liability for defamation. Braddock's claims clearly fall outside the policies.

Because the claims alleged in Braddock's complaint are not covered by the Cincinnati's policies, Cincinnati has no duty to defend, indemnify, or pay insurance benefits to or on behalf of Zaycon with respect to the claims in the underlying suit.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs Cincinnati Insurance Company and Cincinnati Indemnity Company's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**.

2. Defendants Zaycon Foods, LLC, Frank Maresca, Michael Giunta, Mike Conrrad, and Adam Kremin's Cross-Motion for Summary Judgment on Duty to Defend, **ECF No. 43**, is **DENIED**.

3. The Clerk's office is directed to **ENTER JUDGMENT** in favor of Plaintiff and **CLOSE** this case.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 13th day of February 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER **-** 8